IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TUCKER LUMBER CO., LLC                                                                                          APPELLANT

VS.                                              CASE NO. 1:13-CV-1032

STEPHEN FLOYD SLAUGHTER                                                                                    APPELLEE

### MEMORANDUM OPINION and ORDER

Before the Court is an appeal from the February 21, 2013 order of the United States Bankruptcy Court of the Western District of Arkansas. Appellant Tucker Lumber Company has filed its brief. ECF No. 6. Appellee Stephen Floyd Slaughter has filed his brief. ECF No. 9. Appellant has filed a reply brief. ECF No. 10. The matter is now ripe for the Court's consideration.

### I. BACKGROUND

Following bankruptcy proceedings, Appellant timely filed a Notice of Appeal on November 15, 2012. Appellant, however, neglected to timely file the designation of the record, which was due on November 29, 2012. The Bankruptcy Court issued an Order to Show Cause on December 13, 2012, instructing Appellant to show cause why the appeal should not be dismissed for failure to file a designation of the record. Appellant filed the designation of the record one day before the hearing on the show cause order. At the hearing on February 20, 2013, Appellant's attorney stated that the failure to file the designation of the record was "simply because of [his] error, [his] oversight." He offered no other explanation for the failure to file the designation of the record. The Bankruptcy Court dismissed the appeal pursuant to Local Rule 83.1(II)(d)(A) for failure to file a designation of the items for the record as required by Bankruptcy Rule 8006. Regarding the dismissal, Appellant filed a timely notice of appeal and has timely elected for the appeal to be heard by a district court.

## II. DISCUSSION

The Court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Reynolds*, 425 F.3d 526, 531 (8th Cir. 2005). The facts of this appeal are not in dispute. The issue on appeal, which the Court will review de novo, is whether the Bankruptcy Court erred when it dismissed the appeal for failure to file a designation of the items for the record.

Bankruptcy Rule 8006 provides that, within fourteen (14) days after filing a notice of appeal, an appellant shall file a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Bankruptcy Rule 8001(a) states that an "appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Local Rule 83.1(II)(d)(A) authorizes the Bankruptcy Court to dismiss "any appeal in which the appellant has failed to file a designation of the items for the record."

The Eighth Circuit has recognized the Bankruptcy Court's authority to dismiss an appeal if the debtor fails to designate the record. *In re Champion*, 15 Fed. R. Serv. 3d 1362 (8th Cir. 1990). The Court notes that, under the Bankruptcy Rules, only the failure to file a notice of appeal mandates dismissal. *See* Bankruptcy Rule 8001(a). Thus, a court must exercise discretion and consider what sanctions are appropriate for a failure to file a designation of the record as required by Bankruptcy Rule 8006. The Court is not aware of a definitive test created by the Eighth Circuit to determine whether an infraction of a procedural rule (other than the failure to file a notice of appeal) warrants dismissal under Bankruptcy Rule 8001(a). Other circuits, however, have considered the following factors in making this determination: (1) bad faith or negligence; (2) the prejudicial effect of delay on other parties; and (3) alternative sanctions and the relative fault of the client and attorney. *See In re CPDC Inc.*, 221 F.3d 693, 699 (5th Cir. 2000); *In re SPR Corp.*, 45 F.3d 70 (4th Cir. 1995).

In the instant case, these factors weigh against a finding that dismissal is inappropriate. The Court is aware that dismissal seemingly punishes Appellant for the mistakes of its attorney. Appellant's attorney, however, made no effort to comply with Bankruptcy Rule 8006 and expressed no interest in doing so until one day before the hearing on the show cause order— more than sixty (60) days after the show cause order was issued. During this time, Appellant never even requested an extension of time to file the designation of the record, which it could have done even after the time for filing had expired. *See* Bankruptcy Rule 9006(b)(1). The delay was solely within the control of Appellant. Appellant's attorney was given the chance to explain his delay but offered no reason other than neglect for his failure to file a designation of the record. These actions support a finding of negligence, indifference, or bad faith. Appellant offers the legal conclusion that no prejudice would result to Appellee if the case were to go forward but fails to offer any specific, factual argument regarding this issue. It seems to the Court that the passage of time in this case and litigation would have some prejudicial effect on Appellee. Although the Court is unsure as to the severity of the prejudicial effect, Appellant has made no argument as to how this delay would be harmless to Appellant. For these reasons, the Court agrees with the Bankruptcy Court that dismissal in this case is appropriate.

### III. CONCLUSION

For reasons stated herein and above, the Court concludes that the Bankruptcy Court did not err when it dismissed the appeal. Accordingly, the decision of the Bankruptcy Court should be and hereby is **AFFIRMED**.

**IT IS SO ORDERED**, this 10th day of March, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge